Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-CR-00468-MO |
| Plaintiff, | |
| vs. | DECLARATION OF ANDREW M. KOHLMETZ IN SUPPORT OF DEFENDANT'S FIRST UNOPPOSED MOTION TO CONTINUE/RESET TRIAL DATE AND WAIVER OF SPEEDY TRIAL |
| HALSTON EUGENE HAMILTON, | |
| Defendant. | |

The undersigned, Andrew M. Kohlmetz, CJA appointed counsel for the defendant herein, hereby swears and affirms under penalty of perjury that the following is true and correct:

1) I am an attorney licensed to practice in the State of Oregon and admitted to practice before this Court.

2) I was appointed counsel for defendant in this prosecution pursuant to the Criminal Justice Act, 18 U.S.C. 3006A by Order of the Honorable Michael W. Mosman dated October 6, 2020.

3) I make this Declaration in support of the concurrently filed First Unopposed Motion to Continue/Reset Trial Date and Waiver of Speedy Trial.

4)     The defendant was arraigned on the Information herein on September 28, 2020. He is charged with one count of violating national defense airspace, a class A misdemeanor.

6)     From the date of his arraignment, through November 18, 2020, 52 days have tolled under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

7)     The allegation is that the defendant flew a remote-controlled drone within a temporarily restricted national defense airspace zone around the Mark O. Hatfield Courthouse during a period of large-scale protest activity in violation of 49 U.S.C. §§ 40103(b)(3) and 46307, and 14 C.F.R. 99.7.

8)     There is a related case arising from the same acts and transactions as the instant case. United States v. Michael Lee Pilgrim, 3:20-cr-00467-IM. That matter is set for trial on March 2, 2021. I have reached out to defense counsel in that case to determine if there are any matters appropriate for joint defense consideration.

9)     On October 29, 2020 I received the first volume of discovery in this matter. The discovery consisted of law enforcement reports, photographs, and diagrams. I believe more discovery is forthcoming, including medical records of the defendant and alleged victim(s) in this case.

10)    I am still in the process of reviewing and analyzing the discovery provided.

11)    Based upon my review of the discovery so far and conversations with my client, I am in the process of retaining a defense investigator to assist me in this case. There are numerous witnesses to the events which gave rise to the charge.

12)    I am also in the process of conducting legal research into the legal nature and bases of the charge itself. Although this is a misdemeanor charge, it is a novel one in my

practice, and prior to my appointment I was entirely unfamiliar with the statutes and regulations creating the charge.

13) The defense requires additional time to prepare this case both for trial and for potential pre-trial negotiations for the following reasons: To continue to review and analyze the discovery as it is provided, and to conduct an appropriate factual investigation of the charges.

14) The defense is also concerned about the prospect of empaneling a jury in this case during the approaching Winter months. As of today, and due to the rapid surge in new coronavirus infections and hospitalizations, the State of Oregon has entered a modified lockdown (termed a "freeze."). In Multnomah County this freeze will last at least four weeks. Although the freeze does not prohibit court proceedings, it does greatly restrict the public's social and commercial interactions.  The perceived heightening risk of COVID-19 infection would likely have a deleterious effect both on jurors capacity and willingness to serve on a federal jury panel and if selected to serve, on jurors' ability to give the case their full attention. Moreover, should any trial participant or juror actually contract COVID-19 during the trial, the necessary result would at a minimum be a two-week continuance and mandatory quarantine for all involved, and more likely a mistrial.

15) I have discussed the proposed continuance and the reasons therefore with my client. He agrees to the requested continuance and consents to a finding of excludable delay for purposes of the Speedy Trial Act between December 1, 2020 and the next date selected for trial.

///

15) I have conferred with AUSA Gregory Nyhus and he has no objection to the instant motion.

RESPECTFULLY SUBMITTED this 18th day of November, 2020.

*Andrew Kohlmetz*
Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Hamilton