Andrew M. Kohlmetz, OSB #955418
The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
Tel: (503) 265-8307
Email: andy@portlandfederaldefense.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:20-CR-00468-MO |
| Plaintiff, | |
| vs. | DECLARATION OF ANDREW M. KOHLMETZ IN SUPPORT OF DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE/RESET TRIAL DATE AND WAIVER OF SPEEDY TRIAL |
| HALSTON EUGENE HAMILTON, | |
| Defendant. | |

The undersigned, Andrew M. Kohlmetz, CJA appointed counsel for the defendant herein, hereby swears and affirms under penalty of perjury that the following is true and correct:

1) I am an attorney licensed to practice in the State of Oregon and admitted to practice before this Court.

2) I was appointed counsel for defendant in this prosecution pursuant to the Criminal Justice Act, 18 U.S.C. 3006A by Order of the Honorable Michael W. Mosman dated October 6, 2020.

3) I make this Declaration in support of the concurrently filed Second Unopposed Motion to Continue/Reset Trial Date and Waiver of Speedy Trial.

4) The defendant was arraigned on the Information herein on September 28, 2020. He is charged with one count of violating national defense airspace, a class A misdemeanor.

6) From the date of his arraignment, through November 18, 2020, 52 days have tolled under the Speedy Trial Act. 18 U.S.C. § 3161(c)(1).

7) The allegation is that the defendant flew a remote-controlled drone within a temporarily restricted national defense airspace zone around the Mark O. Hatfield Courthouse during a period of large-scale protest activity in violation of 49 U.S.C. §§ 40103(b)(3) and 46307, and 14 C.F.R. 99.7.

8) There is a related case arising from the same acts and transactions as the instant case. United States v. Michael Lee Pilgrim, 3:20-cr-00467-IM. That matter is set for trial on March 2, 2021. I have reached out to defense counsel in that case to determine if there are any matters appropriate for joint defense consideration. The government informs me that it intends to seek to join these matters in the event they go to trial.

9) On October 29, 2020, I received the first volume of discovery in this matter. The discovery consisted of law enforcement reports, photographs, and diagrams.

10) I am still in the process of reviewing and analyzing the discovery provided.

11) Based upon my review of the discovery so far and conversations with my client, I retained defense investigator to assist me in this case. The investigator is currently working to locate and interview witnesses, and to procure photographs and videos relating to the events giving rise to the charges herein.

12) I am also still in the process of conducting legal research into the legal nature and bases of the charge itself. Although this is a misdemeanor charge, it is a novel one in my practice, and prior to my appointment I was entirely unfamiliar with the statutes and regulations

relating to the charge. There is a rather complex overlay of federal regulations and statutes at play in this case. I have discussed one potential area of legal dispute with the government, and those discussions are ongoing.

13) The government also recently initiated pleas discussions in this matter. Those discussions are at an early stage.

13) The defense requires additional time to prepare this case both for trial and for potential pre-trial negotiations for the following reasons: To continue to review and analyze the discovery as it is provided, to complete legal research into the elements and nature of the charge, and to conduct an appropriate factual investigation of the charges.

14) The defense is also concerned about the prospect of empaneling a jury in this case during the approaching Winter and early Spring months. Multnomah County remains under Oregon Health Authority's Extreme Risk protocols.[1] COVID-19 infection rates have increased in dramatically in the state since November of 2020 and are projected to increase and/or remain high for at least the next few weeks.[2] Although COVID-19 vaccinations have begun, as of today only 24,515 people state-wide have received both vaccine doses for full vaccination.[3] The heightened risk of COVID-19 infection would likely have a deleterious effect both on jurors' capacity and willingness to serve. If selected for service, the heightened risk would likely impact jurors' ability to give the case their full attention. Moreover, should any trial participant or juror

---

[1] https://coronavirus.oregon.gov/Pages/living-with-covid-19.aspx#currentrisklevelbycountymap (as viewed 1/20/21)
[2] https://govstatus.egov.com/OR-OHA-COVID-19 (as viewed 1/20/21)
[3] https://public.tableau.com/profile/oregon.health.authority.covid.19#!/vizhome/OregonCOVID-19VaccinationTrends/OregonStatewideVaccinationTrends (as viewed 1/20/21)

DECLARATION IN SUPPORT OF DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE/RESET TRIAL DATE - 3

The Law Office of Andrew M. Kohlmetz, LLC
741 SW Lincoln Street
Portland, OR 97201
(503) 265-8307

actually contract COVID-19 during the trial, the necessary result would at a minimum be a two-week continuance and mandatory quarantine for all involved, and more likely a mistrial.

15) I have discussed the proposed continuance and the reasons therefore with my client. He agrees to the requested continuance and consents to a finding of excludable delay for purposes of the Speedy Trial Act between December 1, 2020 and the next date selected for trial.

16) I have conferred with AUSA Gregory Nyhus and he has no objection to the instant motion.

RESPECTFULLY SUBMITTED this 20th day of January, 2021.

*Andrew Kohlmetz*
Andrew M. Kohlmetz, OSB 955418
Attorney for Defendant Hamilton